UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA M. JACKSON,                                          Case No. 10-10874

        Plaintiff,

v.                                                                       HON. AVERN COHN

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES (DOC. 26) AND REDUCING FEES

### I. Introduction

This is a Social Security case. Plaintiff Lisa M. Jackson (Jackson) appealed the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. The Court remanded the case to the administrative law judge (ALJ) for further proceedings.

Now before the Court is Jackson's application for attorneys' fees under the Equal Access to Justice Act (EAJA). For the reasons that follow, the Court allow Jackson's request for attorney's fees but reduce the amount requested.

### II. Background

#### A.

Jackson filed a disability claim. Jackson said that she has been disabled since January 1, 2005 due to depression, anxiety, attention deficit hyperactivity disorder, back problems, seizures, and asthma. The Commissioner denied Jackson's claim. A hearing was held before an ALJ. The ALJ issued a decision denying benefits. The Appeals Council (AC) declined to review the ALJ's decision.


Jackson brought an action for judicial review. The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommended that Jackson's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Jackson filed objections to the MJRR. The Court declined to adopt the MJRR and remanded the case to the ALJ for further explanation of the basis of his decision. Jackson then brought this application for attorney fees under the Equal Access to Justice Act.

B.

Jackson was represented by Daley, DeBofsky & Bryant, a Chicago based law firm. Jackson says that the firm expended a total of 78.06 hours in litigating her claim. The work was performed several lawyers, a law clerk, and a paralegal.

III. Legal Standard

The EAJA provides for an award of attorneys fees to a prevailing party who files a timely petition unless the position of the United States was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A plaintiff who obtains a remand pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for the purposes of the EAJA regardless of the outcome on remand. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). The government's position under section 2412(d)(1)(A) is "substantially justified" if it is " 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The EAJA permits an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). The plaintiff bears the burden of proving the reasonableness of the fees requested. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Courts regularly utilize the lodestar approach to calculating attorney's fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." See e.g., Blanchard v. Bergeron, 489 U.S. 87 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorney fees to the litigation process, Id. § 2413(a)(1), this includes the EAJA application process. See Comm'r I.N.S. v. Jean, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. Hensley, 461 U.S. at 433-434.

## IV. Analysis

Jackson asserts that she is a prevailing party by virtue of the Court's remand of her case to the ALJ. She seeks $12,160.04 for a total of 78.06 hours expended by her legal team. The government does not dispute that Jackson is a prevailing party. However, it says that Jackson is not entitled to attorney fees under the EAJA because the government's position was substantially justified. In the alternative, the government contends that Jackson's attorneys' fee request should be reduced as excessive.

### A. Substantial Justification

According to Jackson, the ALJ committed legal error when he failed to explain his reasons for crediting some of the medical testimony while disregarding the rest (or at

3

worst did not consider some of the medical testimony). The question then is whether the failure to articulate reasons for crediting one source of medical testimony over another (or the failure to consider all the evidence presented for review) constitutes breach of established precedent. The Sixth Circuit instructs [the opinion of the ALJ]

> must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. This "good reason" requirement serves both to ensure adequacy of review and to enable the claimant to understand the disposition of his case. Karger v. Commissioner of Social Security, 414 Fed. Appx. 739, 751(6th Cir. 2011) (internal citations omitted).

An adequate record is fundamental to meaningful judicial review. This requirement is clearly established, thus the government's position cannot be substantially justified. Jackson is entitled to attorney's fees under the EAJA.

B. Reasonableness of Fees

1.

As explained previously, the Court must exclude time that is duplicative, repetitive, or unnecessary. Hensley, 461 U.S. at 433-434. Jackson has requested payment for 63.13 attorney hours, 13.18 law clerk hours, and 1.75 paralegal hours. Given that the Sixth Circuit has noted the average amount of time spent on a social security appeal is between 30-40 hours, the time billed here merits further consideration. Hayes v. Sec'y of Health and Human Serv., 923 F.2d 418, 420 (6th Cir. 1990). The law firm which represented Jackson employs a law clerk with a jurist doctorate. The billing sheets indicate the work she completed likely overlapped with hours a lawyer would normally spend on a social security case. Given this potential

4

overlap, the hours billed by the lawyers would deviate even more significantly from the norm.

Each case, however, is unique and must be considered on its own merits. Cases that involve novel or complicated questions of fact or law demand more time and energy. However, there is nothing to indicate Jackson's case presented such a situation. Moreover, Jackson's counsel specializes in litigating social security cases. Much of the law relevant to common claims like Jackson's should be well known to her attorneys. Jackson's objections, save bias of the ALJ, were standard, she argued: lack of substantial evidence, incorrect credibility determination, and deficient hypothetical questions to the vocational expert.

In defense of the request, Jackson argues her attorney's did not participate in the administrative process and therefore it took longer to become acquainted with the facts of her case. Granting some indulgence for familiarization with the case's history and facts, the hours billed still far exceed normal.

2.

"[I]f the district court rejects counsel's tabulation, it must identify the hours rejected and specify with particularity the reasons for their rejection. To fulfill its obligations under § 406(b)(1), the district court must…articulate findings of fact and conclusions of law regarding the inclusion of hours amounting to the fee awarded." Glass v. Sec'y of Health and Human Serv., 822 F.2d 19, 22 (6th Cir. 1987).

The lawyers documented spending a total of 15.8 hours reviewing the administrative record of her case. Because Jackson's case presented no complex or novel questions of law or fact, this is excessive. The Court will reduce this to 9 hours.

The lawyers also spent 7 hours drafting the medical facts. There are some other activities within this block of time but their meaning is unclear. Given counsel's previously thorough review and the straightforward nature of the facts and law presented by this case, this time is excessive.  Further, the lack of specificity in the expense of 7 hours renders that claim inadequately documented.  The Court will reduce this to 3 hours.

The lawyers spent a significant amount of time on the research and writing of the mental health portion of the brief.   This took a total of 15 hours.  As a specialist in social security cases Jackson's counsel should be well acquainted with the relevant law as well as the medical facts of the case given his extensive analysis of the record. This time is excessive.  The Court will reduce the 15 hours to 9 hours.

Next, the lawyers devoted 4 hours to researching the "treating physician rule." Given that research and writing on this topic occurs in other parts of the bill, this is excessive. Moreover, the "treating physician rule" is a common occurrence in social security cases, the relevant law should be well known to an attorney who specializes in social security litigation.  Given that the lawyers documented another 5.5 hours for writing this section, the Court must conclude this is excessive. The Court will reduce this time from 9.5 hours to this to 5 hours.

In summary, Jackson presented a standard social security appeal.  Jackson's attorneys' did not have adequate justification to devote time far in excess of normal practice. The Court finds that 20.3 attorney hours expended in this case were

duplicative, unnecessary, or excessive; the Court will reduce the total amount of attorney hours accordingly.

**SO ORDERED.**

Dated:  December 21, 2011      s/Avern Cohn
　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, December 21, 2011, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160